WILLIAM H. HASKELL MFG. CO. *vs.* EDNA SMITH.

JULY 26, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a petition for review of an agreement for workman's compensation for an injury arising out of and in the course of respondent's employment with the petitioner on May 19, 1944. The petition was heard in the superior court solely on the testimony of Dr. G. Edward Crane, an orthopedic surgeon, and the respondent employee. On that testimony the trial justice found as a fact that the incapacity of the respondent as a result of the accident had ended. A decree granting the petition and terminating respondent's

compensation was accordingly entered in that court. From that decree the respondent has appealed to this court.

Respondent concedes that if this cause raised merely a question of fact to be determined by the trial justice and he has determined it on some substantial evidence, this court is precluded, under the statute, from reversing such finding. General laws 1938, chapter 300, article III, §6. But, she argues, there is presented by the record a question of law which we are authorized to review. Her contention in this respect is that there is no legal evidence to warrant the trial justice's finding that her incapacity resulting from the accident had ceased. "If the record discloses that a finding of fact is entirely without legal evidence tending to support it, such finding amounts to an error of law and will be reviewed by this court upon appeal and set aside." *Jillson* v. *Ross,* 38 R. I. 145.

Does this record disclose that there is no legal evidence to support the trial justice's finding? In seeking the answer to that question we have carefully read the transcript and especially that part of it containing certain testimony of Dr. Crane which respondent quotes in her brief and upon which she relies to support her contention that such testimony is "based upon facts in doubt or open to question", so that it does not furnish a sound legal basis for the trial justice's finding that her incapacity due to the accident has ceased.

Doctor Crane testified that, when he examined the respondent five or six months after the accident, she was suffering pain from a congenital abnormality of poor posture which caused muscle backache. He further testified that, in his opinion, there was no connection between such pain and the accident of May 19, 1944; and he gave his reasons for that opinion. In cross-examination respondent's counsel sought to nullify that medical testimony, but, in our opinion, without success. The most that was accomplished by such cross-examination, if anything, was merely to weaken the weight of Dr. Crane's opinion that respondent's

incapacity as a result of the accident had ended. But that is not enough to show error of law.

Respondent offered no medical evidence. She testified that she never had pain in her back before the accident and that she attributed her present pain to the accident. With the evidence in that state the trial justice, believing and relying on Dr. Crane's testimony, found therefrom that respondent's incapacity due to the accident had ceased and that her present pain was due to congenital abnormality of poor posture. We do not pause to inquire whether he relied upon the stronger evidence or not, as our opinion in that regard is of no legal consequence. There being some legal evidence on which the trial justice's finding can be based, that finding is conclusive upon us.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Henry M. Boss, Francis W. Conlan,* for Haskell Mfg. Co.

*William R. Goldberg,* for Edna Smith.